Sedgwick, Ch. J.
The testator directed in his will: “I direct all my just debts and funeral expenses to be paid as soon as practicable after my decease.” All “ the rest, residue and remainder of his estate ” he devised to his executor, in trust, etc.
The will, by the legal effect of these provisions, made the payment of the debts a charge upon the land. White v. Kane, 51 Super. Ct. 295, and the numerous earlier cases. It is to be kept in mind, however, that the charge was not express, but implied.
The executor of the will, who was the devisee in trust, had an implied power of sale for the purpose of paying the debts. Story Eq. Jurisp., § 1064, b and note 3.
The specific objection to the power of the executor to convey a title is, that the land will remain subject to the right of the creditors within three years, etc., to apply to the surrogate for a decree that the land be *288 sold for the purpose of paying debts which the personal estate was not sufficient to discharge. This right of the creditor is claimed to be established by sections 2749, et seq., of the Code of Civil Procedure. I assume that if in the present case the creditors might have a right to proceed under the statute, the objection made to the title would be good. The exception contained in section 2749 would not prevent an application being competently made to the surrogate. The exception is of real estate expressly charged with the payment of debts, etc. The present case concerns an implied charge. But before the surrogate can make a decree of sale he must find (§ 2759) that the property “is not subject to a valid power of sale for the payment of ” the debts; with a limitation that will be noticed. The statute does not refer to an express power. If there be an actual and valid, although implied, power the surrogate cannot make the decree.
, I am therefore of the opinion that the creditors have no claims upon the land, and will have none excepting through the implied charge, and power of sale that have been specified. The plaintiff is under no obligation to see ¡to the proper disposition of the purchase-money.
Hyde v. Tanner, 1 Barb. 75, differs from the present case because it had regard to the right of executors, etc., or of creditors, through them, to apply to the surrogate for leave to sell under the Revised Statutes. Those statutes permitted the sale of land without regard to the fact that the executor had power of sale, although if there were an express charge the land could not be sold.
■It has been shown that under the Code, if there be a valid power of sale, the land cannot be sold, with the limitation that will now be examined. Section 2759 declares that if there be a valid power of sale, the surrogate may make the decree, “ if it is not practicable to execute the power” and “the creditor has effectually relinquished the same.” These words do not in *289 clude the present case, for there is no obj ection made that the power, if it exist, cannot be practically executed.
Cardozo & Newcombe, for appellant.
Thompson & Koss, for respondent.
1 think, further, that the powers of sale contained in the devises in trust were valid.
I have said nothing as to the personal property being the primary fund for the payment of debts, because the plaintiff places his objection to the title on the ground substantially that there appears to be a deficiency of personal property to pay debts.
Per Curiam.
The trial judge found as a fact that the defendant was ready and willing, and had full power and authority as executor of George G. Taylor deceased, to convey the property contracted to be sold, to the plaintiff, at the time, and in the manner provided in the contract of sale, and that the plaintiff failed and refused to fulfill the agreement on his part, or to receive or accept a conveyance of said premises from the defendant, as provided by said agreement. And, as a conclusion of law, that the defendant is entitled to judgment against the plaintiff dismissing the complaint with costs.
The will of the testator is not included in the record, and there are no exceptions to the findings of fact nor to the conclusions of law.
As the judgment entered was in accordance with the findings of fact and conclusions of law, it is doubtful, under the authorities, whether the case presents' any question for review. See Dainese v. Allen, 36 Super. Ct. 104 and cases cited. The supreme court appears to have held that the court has power to reverse, without exceptions, for a manifest error of law ascertainable from the findings actually made. Mandeville v. Marvin, 30 Hun 288.
On the question presented, however, we agree with *290 the Chief Judge that the will made the payment of the testator’s debts a charge upon his real estate, and to carry out the provisions of the will directing payment of the testator’s debts, the executor of the will had an implied power of sale for the purpose of paying the debts, and in the exercise of that power to convey a good title to the property.
The judgment is therefore affirmed on the opinion, of the Chief Judge at special term, with costs.